IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY KRUSE, as Special Administrator of the Estate of MICHAEL KRUSE, deceased; PORSHA CAYENNE KRUSE, a minor, by her guardian and next friend, ROSALIE SKEEL, MICHAEL JOSEPH KRUSE, a minor, by his guardian and next friend, ROSALIE SKEEL, <br><br>Plaintiff, <br>vs. <br><br>MICHAEL F. SHEAHAN, in his official Capacity as the Sheriff of Cook County Illinois and his individual capacity, CALLIE L. BAIRD, in her official capacity as Director of the Cook County Jail and in her individual capacity, Deputy Cook County sheriff TIMM, RICHARD ROE 1 and 2 and other unknown Deputy Sheriff employees of Michael SHEAHAN, Sheriff of Cook County, Illinois, in their Official and individual capacities, <br>Defendants. | JUDGE PALLMEYER <br><br> MAGISTRATE JUDGE LEVIN <br><br> No. <br> 04C 6130 <br><br> **PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; the Judicial Code, 28 U.S.C. Sections 1331 and 1343; the Constitution of the United States; and pendent jurisdiction.

2. Venue is proper because the acts and events that gave rise to this Complaint occurred within the Northern District of Illinois, Eastern Division.

### PARTIES

3. Plaintiff, KATHY KRUSE, is a citizen of the United States and a resident of Illinois. Plaintiff is the Special Administrator of the Estate of MICHAEL KRUSE, deceased. Plaintiff brings this suit as administrator of the estate of MICHAEL KRUSE.

4. Plaintiff's decedent is MICHAEL KRUSE, a citizen of the United States and a resident of Illinois. MICHAEL KRUSE died on May 26, 2004, as a result of the wrongful acts of the Defendants and others not yet known to Plaintiffs.

5. Plaintiff, PORSHA CAYENNE KRUSE, a minor, is a surviving child of the decedent, MICHAEL KRUSE.

6. Plaintiff, MICHAEL JOSEPH KRUSE, a minor, is a surviving child of decedent, MICHAEL KRUSE.

7. Defendant, MICHAEL F. SHEAHAN ("Sheriff SHEAHAN") is the Sheriff of Cook County, Illinois. As such, he is the commanding officer of each of the Defendants, Deputy Cook County Sheriff TIMMS, and RICHARD ROE, as more fully set forth below.

8. Sheriff SHEAHAN is also responsible for formulating and supervising the policies, customs, and regulations of the Sheriff's Office of Cook County, Illinois, to ensure that an individual delivered to his custody is provided with prompt medical treatment.

9. Sheriff SHEAHAN is the individual ultimately responsible for administering the Cook County Jail.

10. Defendant, CALLIE BAIRD ("BAIRD") is the Director of the Cook County Jail. She is responsible for the day to day operations of the Cook County Jail. These duties and responsibilities include, among other things:

(a) implementing policies to insure that inmates receive prompt medical treatment while detained in the Cook County jail;

(b) acting on grievances or complaints lodged by inmates including those related to medical problems;

(c) implementing policies to insure the reasonable safety of inmates of the Cook County jail;

(d) ensuring that officers and employees do not inflict physical or emotional abuse on inmates and that they ensure that detainees with medical needs receive prompt medical attention;

(e) providing competent medical personnel;

(f) providing adequate training for deputy sheriffs, guards and/or medical staff in identifying, treating and responding to medical complaints and needs of detainees.

11. Defendant Deputy Sheriff TIMMS is a duly appointed and sworn Deputy Sheriff employee of Sheriff SHEAHAN and Director BAIRD.

12. Each of Defendants RICHARD ROE 1-2 (individually referred to herein as "Roe 1" through 2" respectively and sometimes collectively referred to herein as the "unknown Deputy Sheriffs") were duly appointed and sworn unknown Deputy Sheriff employee(s) of Sheriff SHEAHAN and Director BAIRD. On the date(s) and time(s) alleged in this Complaint, Defendants ROE 1-2, while engaging in the conduct complained of, did so in the course and scope of his/her/their employment, as employee(s) and agent(s) of Defendant SHEAHAN, Sheriff of Cook County, Illinois and Director BAIRD. More specifically:

13. Defendants ROE 1-2 are the employees of Sheriff SHEAHAN and Director BAIRD directly responsible for making sure that pretrial detainees in the custody of the Cook County Jail who are in need of medical care are given access to medical treatment or transported to a medical facility.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. On or about, Sunday, May 15, 2004, at approximately 5:00 p.m., the Plaintiff's Decedent, MICHAEL KRUSE, was arrested pursuant to arrest warrants executed by Palos Hills police officers. MICHAEL KRUSE was charged with armed robbery relating to incidents which occurred on August 5, 2002 and August 8, 2002.

15. MICHAEL KRUSE had been wrongly charged with these armed robberies in that he had an unquestionable alibi due to the fact he was working in Monterey, Tennessee at Perdue Farms Incorporated on the dates the armed robberies were to have been committed. No Palos Hills police officer ever attempted to verify his alibi.

16. MICHAEL KRUSE was ordered held in lieu of $75,000 D bond by a Cook County Circuit Court judge. However, he was unable to post bond and he was eventually taken

to the Cook County Department of Corrections located at 2650 S. California, Chicago, Illinois, County of Cook, and placed into the general prison population as a pre-trial detainee.

17. On or about May 24, 2004, MICHAEL KRUSE became ill. He immediately began to complain to the Defendants that he was experiencing severe chest pain. He also complained that he was having trouble breathing and that he was experiencing pains in his arm. He was not given an examination and he was told by several unknown Deputy Cook County Sheriffs including RICHARD ROE 1 that there was nothing wrong with him.

18. MICHAEL KRUSE complained constantly to the unknown Deputy Sheriffs on his tier about his symptoms from May 24, 2004 until May 26, 2004. He was denied medical treatment during that entire time. RICHARD ROE 2 told him to "shut the fuck up."

19. On several occasions between May 24, 2004 and May 26, 2004, MICHAEL KRUSE directed his cries for medical treatment to Defendant Cook County Deputy Sheriff TIMMS. Defendant TIMMS told MICHAEL KRUSE that there was nothing wrong with him stating, "You're making it up." Often Defendant TIMMS was playing cards with other unknown officers while MICHAEL KRUSE pleaded for medical assistance. These officers also ignored KRUSE's pleas for help.

20. By May 26, 2004, MICHAEL KRUSE was visibly in pain. Several unknown Cook County Deputy Sheriffs observed KRUSE in this condition but said and did nothing to assist him, despite his cries for help. He was often doubled-over using the wall for support. He was wheezing and groaning loudly. Sometime after lunch MICHAEL KRUSE lost consciousness and his skin appeared bluish in color. When Defendant TIMMS was alerted by an inmate, he refused to come to MICHAEL KRUSE's cell until after he finished a phone call which lasted several minutes. Defendant TIMMS then went to MICHAEL KRUSE's cell and observed him unconscious on his bed. TIMMS lifted MICHAEL KRUSE's arm and let it fall. He then stated, "Oh well."

21. Defendant TIMMS never attempted to resuscitate MICHAEL KRUSE. After several more minutes he called someone on his radio and several minutes later unknown medical personnel arrived.

22. MICHAEL KRUSE was pronounced dead on May 26, 2004 at 3:34 p.m. after having pleaded for medical attention for approximately three days.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW IN VIOLATION OF 42 U.S.C. § 1983

23. No employee, agent or servant of Defendant SHEAHAN or Defendant BAIRD provided medical care to MICHAEL KRUSE because of a policy, custom or regulation of Defendant SHEAHAN and/or Defendant BAIRD which merely required that pretrial detainees be allowed sporadic or occasional access to medical personnel. Deputy Cook County Sheriff's are not required to perform basic life saving procedures on pretrial detainees or to facilitate access to immediate emergency medical treatment. The policy, custom or regulation of Defendant SHEAHAN or Defendant BAIRD did not require Deputy Cook County Sheriff's to make competent medical treatment immediately accessible for pre-trial detainees in need of emergency medical care. Instead, pre-trial detainees must wait for long periods of time for access to medical treatment even when they are in need of immediate care. The policy, procedure, custom or regulation fails to include a system for identifying or diagnosing pre-trial detainees who need immediate care.

24. In the alternative, despite the policy, custom or regulations of defendant SHEAHAN or Defendant BAIRD to make medical treatment immediately accessible to pre-trail detainees in need of emergency treatment the acts of Defendant TIMMS, Defendants RICHARD ROE 1 and ROE 2, as well as other unknown Deputy Cook County Sheriffs and unknown Medical Staff employees failed to respond to Plaintiff's Deceased's constant medical complaints and needs over a period of three days, as described above. These acts were done maliciously, wilfully and wantonly, intentionally, and/or with reckless disregard and gross negligence or gross

recklessness and/or deliberate indifference towards the plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Section 1983. MICHAEL KRUSE repeatedly told Defendant TIMMS, and other unknown Deputy Sheriffs that he was experiencing chest pains, shortness of breath and pain in his arms. Moreover, MICHAEL KRUSE displayed physical manifestations of his illness in that he could not stand up straight and was groaning in pain. However, no matter how often he pleaded for help he was told to be quiet or that there was nothing wrong with him. At no time was MICHAEL KRUSE ever sent for an examination or given any type of treatment. Instead, Defendant TIMMS and other unknown deputy Cook County Sheriffs told him there was nothing wrong with him.

WHEREFORE, The Plaintiffs request the following relief:

a. Compensatory damages;

b. Punitive damages against Defendants TIMMS, RICHARD ROE 1 and ROE 2 and other unknown Deputy Cook County Sheriffs.

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

## COUNT II
## (PENDANT STATE CLAIMS)
## NEGLIGENCE - WRONGFUL DEATH

Now comes the Plaintiff's Decedent MICHAEL KRUSE, by his Attorneys, Jonathan Lustig and Jerry Bischoff, complaining of defendants, MICHAEL SHEAHAN, CALLIE BAIRD, Deputy Sheriff TIMMS, RICHARD ROE 1 and ROE 2 and other unknown Deputy Cook County Sheriffs and unknown Cook County Medical Personnel, states:

1 - 25. Plaintiff re-alleges Paragraphs 1 through 24 as and for Paragraphs 1 through 25 of Count II, as though fully set out herein.

26. The Defendants had a duty to ensure that persons in their custody who are in need of immediate medical treatment receive prompt medical care.

27. At the aforesaid time and place, Defendants, MICHAEL SHEAHAN, CALLIE BAIRD, Deputy Sheriff TIMMS, RICAHRD ROE 1 AND ROE 2, and other unknown Deputy Cook County Sheriffs who were negligent in one or more of the following respects:

   (a) failed to provide medical treatment to Michael Kruse for three days despite his repeated complaints of illness;

   (b) failed to provide medical treatment in violation of 725 ILCS 5/103-2 where Michael Kruse repeatedly complained of illness;

   (c) failed to provide access to competent medical personnel;

   (d) failed to implement procedures whereby pre-trial detainees in their custody in need of immediate medical care can be promptly diagnosed and given immediate access to medical treatment;

   (e) failed to transport MICHAEL KRUSE to a hospital or medical facility despite his repeated complaints of chest pain, shortness or breath and pains in his arms;

   (f) failed to initiate life saving techniques after MICHAEL KRUSE had lost consciousness;

   (g) failed to provide adequate training for deputy sheriffs, guards and/or medical staff in identifying, treating and responding to medical complaints and needs of detainees.

28. As a proximate result of one or more of the aforesaid acts or omissions, plaintiff's decedent, MICHAEL KRUSE, suffered injuries which caused death on May 26, 2004.

29. Plaintiffs, PORSHA CAYENNE KRUSE, decedent's daughter, and MICHAEL JOSEPH KRUSE, decedent's son, have suffered pecuniary loss, damages and loss of consortium as a result of his death.

30. As a proximate result of one or more of the aforesaid negligent acts or omissions, Plaintiffs, PORSHA CAYENNE KRUSE, and MICHAEL JOSEPH KRUSE, became obligated for various sums of money for the medical and funeral care and costs of decedent pursuant to the Family Expense Act, Chapter 68, Section 15 of the Illinois Revised Statutes.

WHEREFORE, Plaintiffs, PORSHA CAYENNE KRUSE, and MICHAEL JOSEPH KRUSE, ask judgment against defendants, MICHAEL SHEAHAN, CALLIE BAIRD, Deputy Sheriff TIMMS and each of them, for damages in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT III
## SURVIVAL ACTION

Now comes, Plaintiff, Kathy Kruse, Independent Administrator of the Estate of Michael Kruse, Deceased, by Attorneys Jonathan Lustig and Jerry Bischoff, complaining of defendants, MICHAEL SHEAHAN, CALLIE BAIRD, Deputy Sheriff TIMMS, states:

31. Plaintiff re-alleges Paragraphs 1 through 25 of Count I as and for Paragraph 31 of Count III, as though fully set out herein.

32. The Defendants had a duty to ensure that persons in their custody who are in need of medical treatment receive prompt medical care.

33. At the aforesaid time and place, Defendants, MICHAEL SHEAHAN, CALLIE BAIRD, Deputy Sheriff TIMMS, RICAHRD ROE 1 AND ROE 2, and other unknown Deputy Cook County Sheriffs were negligent in one or more of the following respects:

    (a)    failed to provide medical treatment to MICHAEL KRUSE for more than two days despite his repeated complaints of illness;

    (b)    failed to provide medical treatment in violation of 725 ILCS 5/103-2 where MICHAEL KRUSE repeatedly complained of illness;

    (c)    failed to provide competent medical personnel;

    (e)    failed to transport MICHAEL KRUSE to a hospital or medical facility despite his repeated complaints of chest pain, shortness or breath and pains in his arms;

    (f)    failed to initiate life saving techniques after MICHAEL KRUSE had lost consciousness;

(g) failed to provide adequate training for deputy sheriffs, guards and/or medical staff in identifying, treating and responding to medical complaints and needs of detainees.

34. As a proximate result of one or more of the foregoing negligent acts or omissions of the defendants, MICHAEL SHEAHAN, CALLIE BAIRD, Deputy Sheriff TIMMS, RICHARD ROE 1 and ROE 2, and other unknown Deputy Cook County Sheriffs, plaintiff's decedent, MICHAEL KRUSE, suffered personal and pecuniary damages, including conscious pain and suffering prior to his death on May 26, 2004, and had he survived, he would have been entitled to bring a cause of action for such personal and pecuniary damages and such action has survived her.

WHEREFORE, Plaintiff; Kathy Kruse, Independent Administrator of the Estate of MICHAEL KRUSE, deceased, asks judgment against defendants, MICHAEL SHEAHAN, CALLIE BAIRD, Deputy Sheriff TIMMS, ROE 1 and ROE 2, and other unknown Deputy Cook County Sheriffs, and each of them, for damages in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

Respectfully submitted,

Jerry Bischoff, One of the Attorneys for Plaintiff

Jerry Bischoff
Attorney at Law
1 E. Wacker Drive
Suite 2020
Chicago, Illinois 60601
(312) 853-2167

# CIVIL COVER SHEET

ivil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, t as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE RUCTIONS ON THE REVERSE OF THE FORM.)

**PLAINTIFFS**
KATHY KRUSE AS SPECIAL ADM. FOR THE ESTATE MICHAEL KRUSE; PORSHA KRUSE, A MINOR & CHAEL KRUSE

**DEFENDANTS** SHERIFF MICHAEL SHEAHAN CALLIE BAIRD; DEPUTY TIMM; RICHARD ROE 1 + 2

County of Residence of First Listed Plaintiff COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

JUDGE PALLMEYER
MAGISTRATE JUDGE LEVIN

Attorney's (Firm Name, Address, and Telephone Number)
JERRY D. BISCHOFF ESQ
1 E. WACKER #2020
CHICAGO, IL 60601   312.853.2167

Attorneys (If Known)

04C 6130

DOCKETED
SEP 2 2 2004

**BASIS OF JURISDICTION** (Place an "X" in One Box Only)

1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| 195 Contract Product Liability | ☒ 360 Other Personal Inj. | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

1983 CIVIL RIGHTS

**VII. PREVIOUS BANKRUPTCY MATTERS** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter perviously adjudicated by a judge of this Court. Use a separate attachment if necessary)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**IX. This case**
☐ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 9/21/04
SIGNATURE OF ATTORNEY OF RECORD
Jerry D. Bischoff

UNITED STATES DISTRICT COURT  **JUDGE PALLMEYER**
NORTHERN DISTRICT OF ILLINOIS  **MAGISTRATE JUDGE LEVIN**

**04C 6130**

In the Matter of

KRUSE

v. SHERIFF MICHAEL SHEAHAN ET AL   Case Number: 04

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

___

**(A)**

SIGNATURE: Jerry D. Bischoff
NAME: Jerry D. Bischoff
FIRM: ATTORNEY AT LAW
STREET ADDRESS: 1 E. Wacker
CITY/STATE/ZIP: CHICAGO, IL
TELEPHONE NUMBER: 312.853.2167
FAX NUMBER:
E-MAIL ADDRESS:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR? YES ☐ NO ☒
TRIAL ATTORNEY? YES ☒ NO ☐

**(B)**

SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
FAX NUMBER:
E-MAIL ADDRESS:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR? YES ☐ NO ☐
TRIAL ATTORNEY? YES ☐ NO ☐
DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐

**(C)**

SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
FAX NUMBER:
E-MAIL ADDRESS:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR? YES ☐ NO ☐
TRIAL ATTORNEY? YES ☐ NO ☐
DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐

**(D)**

SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
FAX NUMBER:
E-MAIL ADDRESS:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR? YES ☐ NO ☐
TRIAL ATTORNEY? YES ☐ NO ☒
DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐

FILED-ED4
04 SEP 21 PM 1:35
CLERK U.S. DISTRICT COURT

DOCKETED SEP 22 2004