

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY KRUSE, an Independent Administrator ) <br> of the Estate of MICHAEL KRUSE, deceased; ) <br> PORSHA CAYENNE KRUSE, a minor ) <br> by her Guardian and next friend, ROSALIE ) <br> SKEEL, MICHAEL JOSEPH KRUSE, ) <br> a minor, by his Guardian and next friend, ) <br> ROSALIE SKEEL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MICHAEL F. SHEAHAN, in his official ) <br> Capacity as the Sheriff of Cook ) <br> County Illinois and his individual capacity, ) <br> CALLIE L. BAIRD, in her official capacity as ) <br> Director of the Cook County Jail and in her ) <br> individual capacity, Deputy Cook County ) <br> Sheriff TIMM (sic), RICHARD ROE 1 and 2 ) <br> and other unknown Deputy Sheriff employees ) <br> of Michael Sheahan, Sheriff of Cook County, ) <br> Illinois, in their Official and individual ) <br> capacities, ) <br> ) <br> Defendants. ) | No. 04 C 6130 <br><br> Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kathy Kruse has filed this action as administrator for the estate of Michael Kruse, who died while in the custody of the Sheriff of Cook County. In her amended complaint, Plaintiff alleges that Mr. Kruse was arrested on May 15, 2004 on charges that he engaged in armed robbery on August 5, 2002 and August 8, 2002. Despite his alibi (he was working in Monterey, Tennessee at the time of the alleged crimes), Kruse was held on a $75,000 bond and placed in the general prison population as a pre-trial detainee at Cook County Jail.

Kruse became ill on May 24, 2004 and immediately complained to medical staff of severe chest pain. He was not examined, however. One Deputy Cook County Sheriff (Richard Roe 1) advised him that there was nothing wrong with him and another (Richard Roe 2) told Kruse to "shut the fuck up." Kruse's condition worsened over the next two days. Despite the fact that by May 26, 2004, he was visibly in pain, doubled over, wheezing, groaning, and blue, Defendants took no action. Alerted by an inmate, Deputy Sheriff Tims first finished his lengthy phone call and then found Kruse unconscious in his bed. Tims lifted Kruse's limp arm and let it fall, stating, "Oh, well." Kruse was pronounced dead at 3:34 p.m. In this lawsuit, Plaintiff names as Defendants Sheriff Michael Sheahan in his individual and official capacities; Cook County Jail Director Callie L. Baird in her individual and official capacities; Deputy Cook County Sheriff Tims, Richard Roe 1, and Richard Roe 2. Plaintiff alleges claims under 42 U.S.C. § 1983 (Count I); a state law claim of negligence/wrongful death (Count II); and a survival action (Count III).

Defendant Sheahan, Baird, and Tims now move to dismiss the complaint pursuant to Rule 12(b)(6). Defendants Sheahan and Baird are correct that the amended complaint does not state claims against them under 42 U.S.C. § 1983 in their individual capacity. It is well-settled that the doctrine of respondeat superior cannot be used to impose liability on a supervisor for the actions or omissions of a subordinate that violate a plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994). Rather, to recover damages under § 1983, the plaintiff must show that the defendant was personally responsible for the deprivation of a constitutional right. *Gentry*, 65 F.3d at 561 (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Seventh Circuit case law consistently emphasizes that "to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct."

2

*Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997) (citations omitted). Neither negligence nor gross negligence will suffice to impose liability on a supervisor for the actions of a subordinate in the § 1983 context. Rather, "supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones*, 856 F.2d at 992-93. "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *See Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 691 (1978).

Plaintiff has made no allegations suggesting that either Sheriff Sheahan or Director Baird was personally involved in the alleged constitutional violation. She does allege that Defendants Sheahan and Baird adopted a policy that "did not require Deputy Cook County Sheriff's (sic) to make competent medical treatment immediately accessible for pre-trial detainees," but such allegations, if proven, would arguably support a claim of *Monell* liability against Cook County, not individual liability on the part of the Sheriff and the Director. The individual capacity claims against them in Count I are dismissed.

Defendants Sheahan and Baird also seek dismissal of Plaintiff's state law claims against him, but the court agrees with Plaintiff that her allegations are sufficient to state a claim of willful and wanton conduct–that is, action which "shows an utter indifference to or conscious disregard for the safety of others . . . ." 745 ILCS 10/1-210. Under Illinois law, Defendants may be liable for such conduct:

> Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but *this Section shall not apply where the employee, acting within the scope*

*of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care.* Nothing in this Section requires the periodic inspection of prisoners.

745 ILCS 10/4-105 (emphasis supplied). Neither Plaintiff's allegation that a nurse commented that Kruse "probably had gas" nor her failure to allege specifically that prompt medical attention would have saved Kruse requires dismissal of this claim under federal notice pleading standards. Nor does the court agree that the circumstances alleged here–where a prisoner suffered from severe chest pain, was doubled over, wheezing, groaning loudly, and ultimately lost consciousness (Amended Complaint ¶ 19)–are analogous to those in *Gutierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1997), where the plaintiff suffered from a cyst that, while painful, was not life-threatening.

Defendants' motion to dismiss (Doc. No. 11) is granted in part and denied in part. The claim under § 1983 is dismissed as against Defendants Sheahan and Baird. The motion is otherwise denied. The court expects Plaintiff promptly to identify all remaining Defendants by their real names. If Plaintiff intends to name "Jackie LNU" as a Defendant, her full name should appear in the case caption, as well.

ENTER:

Dated: April 21, 2005

REBECCA R. PALLMEYER
United States District Judge