| | | |
|---|---|---|
| KATHY KRUSE, as Independent Administrator ) | | |
| of the Estate of MICHAEL KRUSE, deceased; ) | | |
| PORSHA CAYENNE KRUSE, a minor, ) | | |
| by her guardian and next friend, ROSALIE SKEEL, ) | | |
| MICHAEL JOSEPH KRUSE, a minor, ) | | |
| by his guardian and next friend, ROSALIE SKEEL, ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 04 C 6130 | |
| ) | | |
| COUNTY OF COOK, a municipal corporation, ) | | |
| MICHAEL F. SHEAHAN, in his official ) | | |
| Capacity as the Sheriff of Cook ) | | |
| County Illinois, Deputy Cook County Sheriff ) | | |
| VERNELL TIMS, RICHARD ) | **PLAINTIFF DEMANDS** | |
| ROE 1 and 2 and other unknown ) | **TRIAL BY JURY** | |
| Deputy Sheriff Employees of Michael ) | | |
| Sheahan, Sheriff of Cook County, Illinois, ) | | |
| in their Official and individual capacities, and ) | | |
| JACQUELINE JACK, ROSETTA FRASER, ) | | |
| BESSIE BROWNall clinical nurses employed at ) | | |
| Cermak Hospital in their individual and official ) | | |
| capacity, CITY OF PALOS HILLS, a municipal ) | | |
| corporation, Detective McMAHON, in his official ) | | |
| and individual capacity as a police officer for the ) | | |
| City of Palos Hills. ) | | |
| Defendants. ) | | |

## FIFTH AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; the Judicial Code, 28 U.S.C. Sections 1331 and 1343; the Constitution of the United States; and pendent jurisdiction.

2. Venue is proper because the acts and events that gave rise to this Complaint occurred within the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, KATHY KRUSE, is a citizen of the United States and a resident of Illinois. Plaintiff is the Independent Administrator of the Estate of MICHAEL KRUSE, deceased. Plaintiff brings this suit as administrator of the estate of MICHAEL KRUSE.

4. Plaintiff decedent is MICHAEL KRUSE, a citizen of the United States and a resident of Illinois. MICHAEL KRUSE died on May 26, 2004, as a result of the wrongful acts of the Defendants and others not yet known to Plaintiffs.

5. Plaintiff, PORSHA CAYENNE KRUSE, a minor, is a surviving child of the decedent, MICHAEL KRUSE.

6. Plaintiff, MICHAEL JOSEPH KRUSE, a minor, is a surviving child of decedent, MICHAEL KRUSE.

7. Defendant CITY OF PALOS HILLS is a municipality of the State of Illinois and owns, operates, manages, directs and controls the City of Palos Hills Police Department which employs Defendants Detective MCMAHON.

8. Defendant MCMAHON star #1347 is a duly appointed and sworn Palos Hills Police Officer. On the dates and times alleged in this Complaint, Defendant MCMAHON #1347 while engaging in the conduct complained of, did so in the course and scope of his employment, as employee and agent of the Police Hills Police. More specifically:

9. Defendant MCMAHON #1347 is the individual directly responsible for making sure that persons taken into custody on arrest warrants are in fact the proper persons named in the warrant. At the very least, this check involves making sure an individual is the proper person named in the warrant and that there is probable cause to arrest said individual. In addition, Defendant MCMAHON is the individual responsible for running lineups and conducting criminal

investigations.

10. At all times relevant hereto and in all his actions described herein, Defendant MCMAHON and each of them, were acting under color of state law and/or regulation and pursuant to their authority.

11. Pursuant to the Illinois Supreme Court decision in <u>Carver v. Sheriff of LaSalle County,</u> Defendant COUNTY OF COOK, is a necessary party to this suit.

12. The County of Cook employs Defendants MICHAEL F. SHEAHAN, Deputy Sheriff VERNELL TIMS, RICHARD ROE 1 and 2, and JACQUELINE JACK, ROSETTA FRASER, AND BESSIE BROWN.

13. Defendant, MICHAEL F. SHEAHAN ("Sheriff Sheahan") is the Sheriff of Cook County, Illinois. As such, he is the commanding officer of each of the Defendants, Deputy Cook County Sheriff TIMS, and RICHARD ROE 1 and 2, as more fully set forth below.

14. Sheriff SHEAHAN in his official capacity is also responsible for formulating and supervising the policies, customs, and regulations of the Sheriff's Office of Cook County, Illinois, to ensure that an individual delivered to his custody is provided with prompt medical treatment.

15. Sheriff SHEAHAN, in his official capacity, is the individual ultimately responsible for the day to day operations of the Cook County Jail. These duties and responsibilities include, among other things:

    (a)    implementing policies to ensure that inmates receive prompt medical treatment while detained in the Cook County jail;

    (b)    implementing policies to ensure that grievances or complaints lodged by inmates including those related to medical problems are acted upon;

    (c)    implementing policies to ensure the reasonable safety of inmates of the Cook County jail;

(d) implementing policies to ensure that officers and employees do not inflict physical or emotional abuse on inmates and that they ensure that detainees with medical needs receive prompt medical attention;

(e) providing competent medical personnel;

(f) providing adequate training for deputy sheriffs, guards and/or medical staff in identifying, treating and responding to medical complaints and needs of detainees.

16. Defendant Deputy Sheriff VERNELL TIMS is a duly appointed and sworn deputy Sheriff and employee of Sheriff SHEAHAN.

17. Defendant Nurse JACQUELINE "JACKIE" JACK is a nurse employed by the County of Cook assigned to Cermak Health Services. Defendant JACK is one of the persons assigned to the Cook County Jail whose responsibility it is to ensure that pre-trial detainees receive prompt and timely medical treatment.

18. Defendant Nurse ROSETTA FRASER is a nurse employed by the County of Cook assigned to Cermak Health Services. Defendant FRASER is one of the persons assigned to the Cook County Jail whose responsibility it is to ensure that pre-trial detainees receive prompt and timely medical treatment.

19. Defendant Nurse BESSIE BROWN is a nurse employed by the County of Cook assigned to Cermak Health Services. Defendant BROWN is one of the persons assigned to the Cook County Jail whose responsibility it is to ensure that pre-trial detainees receive prompt and timely medical treatment.

20. Each of Defendants TIMS, RICHARD ROE 1-2 (individually referred to herein as "Roe 1" through 2" respectively and sometimes collectively referred to herein as the "unknown Deputy Sheriffs") were duly appointed and sworn unknown Deputy Sheriff employee(s) of Sheriff SHEAHAN. On the date(s) and time(s) alleged in this Complaint, Defendants ROE 1-2, while

engaging in the conduct complained of, did so in the course and scope of his/her/their employment, as employee(s) and agent(s) of Defendant SHEAHAN, Sheriff of Cook County, Illinois.

21. More specifically: Defendants TIMS, ROE 1-2, and JACK, FRASER, and BROWN are the employees of Sheriff SHEAHAN directly responsible for making sure that pretrial detainees in the custody of the Cook County Jail who are in need of medical care are given access to prompt medical treatment or transported to a medical facility.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

22. On or about August 15, 2002, a Palos Hills Police Detective, Defendant MCMAHON, star #1347, provided signed and sworn testimony before the Honorable Judge O'Malley at the 5th District Courthouse in Bridgeview, Illinois, which lead to the issuance of two bench warrants for the arrest of Plaintiff, MICHAEL KRUSE. The warrants alleged that MICHAEL KRUSE was the individual who had robbed the Hill Crest Video store on August 5, 2002 and August 8, 2002.

23. Defendant McMAHON told Judge O'Malley that a store employee had made a positive identification of MICHAEL KRUSE from a photo array as the man who had robbed him while armed with a deadly weapon.

24. In fact, the Hill Crest Video employee who viewed the photo array on August 15, 2002, had not made a positive identification. Said employee was concerned that the photograph of MICHAEL KRUSE which he identified as most resembling the offender lacked a prominent facial scar which he had described to police. Said employee never told Detective MCMAHON that he was 100% positive that MICHAEL KRUSE was the person who had robbed him at the video store on two occasions.

5

25. On or about, Saturday, May 15, 2004, at approximately 5:00 p.m. the Plaintiff, MICHAEL KRUSE, was arrested in Bridgeview, Illinois pursuant to the two Armed Robbery warrants that had been issued in August of 2002 by the Palos Hills Police Department. On May 15, 2004, Plaintiff MICHAEL KRUSE was released to the custody of unknown Palos Hills police officers.

26. On May 16, 2004, MICHEAL KRUSE was interviewed by Defendant MCMAHON at the Palos Hills Police Department. During the interview MICHAEL KRUSE denied committing the armed robberies and provided Defendant MCMAHON with a verifiable alibi, stating that he was working on the dates of the incident at Perdue Farms in Monterey, Tennessee. Thereafter, Plaintiff MICHAEL KRUSE was charged with two counts of armed robbery and taken before the Honorable Judge Sterba on May 17, 2004. Judge Sterba gave MICHAEL KRUSE a $75,000 D bond which required MICHAEL KRUSE to post ten percent ($7,500) in order to obtain his release from custody. MICHAEL KRUSE was unable to post bond.

27. On May 20, 2004, MCMAHON received evidence from the human resources department of Perdue Chicken in Monterey, Tennessee that corroborated MICHAEL KRUSE's alibi. MCMAHON never brought this information to the attention of a judge with jurisdiction over MICHAEL KRUSE's case nor did he turn said information over to MICHAEL KRUSE's Public Defender.

28. Six days later, Plaintiff MICHAEL KRUSE died of a hemopericardium due to ruptured aortic dissection in the Cook County Jail on May 26, 2004.

29. On June 1, 2004, Defendant MCMAHON contacted the Hill Crest Video store employee who had made a tentative identification of MICHAEL KRUSE on August 15, 2002. Defendant MCMAHON asked the employee to view past and current photos of MICHAEL KRUSE.

Said employee told MCMAHON that he was only 50% sure that the past and present photographs depicted the man who had robbed him at Hill Crest Video in August 2002. The employee was never asked to view a physical lineup nor was a physical in-person lineup ever conducted by any member of the Palos Hills Police Department.

30. Other than the tentative identification by said employee on August 15, 2002, there was no other physical or circumstantial evidence linking MICHAEL KRUSE to the armed robberies which occurred in August of 2002.

31. On or about May 17, 2004 MICHAEL KRUSE was transported from the Palos Hills police department to the Cook County Department of Corrections located at 2650 S. California, Chicago, Illinois, County of Cook, where he was placed into the general prison population as a pre-trial detainee.

32. On or about May 24, 2004, MICHAEL KRUSE became ill. He immediately began to complain to the medical staff that he was experiencing severe chest pain. He also complained that he was having trouble breathing and that he was experiencing pains in his arm. He was not given an examination and he was told by several unknown Deputy Cook County Sheriffs including RICHARD ROE 1 that there was nothing wrong with him.

33. MICHAEL KRUSE complained constantly to the deputy sheriffs on his tier about his symptoms from May 24, 2004 until May 26, 2004. He was denied medical treatment during that entire time. RICHARD ROE 2 told him to "shut the fuck up."

34. On several occasions between May 24, 2004 and May 26, 2004, MICHAEL KRUSE directed his cries for medical treatment to Defendant Cook County Deputy Sheriff TIMS. Defendant TIMS told MICHAEL KRUSE that there was nothing wrong with him stating, "You're making it up." Often Defendant TIMS was playing cards with other unknown officers or watching television

while MICHAEL KRUSE pleaded for medical assistance. These officers also ignored KRUSE's pleas for help.

35. MICHAEL KRUSE also complained to an unknown member of the medical staff, a nurse employed by the Cook County Department of Corrections named JACQUELINE "JACKIE" JACK who was visiting the tier MICHAEL KRUSE was on, who told him that he "probably had gas." At no time was MICHAEL KRUSE given a medical examination.

36. By May 26, 2004, MICHAEL KRUSE was visibly in pain. Several unknown Cook County Deputy Sheriffs observed KRUSE in this condition but said and did nothing to assist him, despite his cries for help. He was often doubled-over using the wall for support. He was wheezing and groaning loudly. Sometime after lunch MICHAEL KRUSE lost consciousness and his skin appeared bluish in color. When Defendant TIMS was alerted by a fellow inmate of KRUSE's, he refused to come to MICHAEL KRUSE's cell until after he finished a phone call which lasted several minutes. Defendant TIMS then went to MICHAEL KRUSE's cell and observed him unconscious on his bed. TIMS lifted MICHAEL KRUSE's arm and let it fall. He then stated, "Oh well."

37. Defendant TIMS never attempted to resuscitate MICHAEL KRUSE. After several more minutes he called someone on his radio and several minutes later unknown medical personnel arrived.

38. MICHAEL KRUSE was pronounced dead on May 26, 2004 at 3:34 p.m. after having pleaded for medical attention for approximately three days. The Cook County Medical Examiner determined that the cause of death was hemopericardium due to ruptured aortic dissection.

39. That numerous pretrial detainees other than MICHAEL KRUSE have also filed complaints or grievances alleging that they were denied prompt medical care for medical needs requiring immediate medical treatment.

# COUNT I
### Deprivation of Civil Rights under Color of State Law
### IN VIOLATION OF 42 U.S.C. § 1983
### (MICHAEL F. SHEAHAN, DEPUTY TIMS, ROES 1 - 2,
### JACQUELINE JACK, ROSETTA FRASER, and BESSIE BROWN)

40. No employee, agent or servant of Defendant SHEAHAN provided medical care to MICHAEL KRUSE because of a policy, custom or regulation of Defendant SHEAHAN which merely required that pretrial detainees be allowed sporadic or occasional access to medical personnel. Deputy Cook County Sheriff's are not required to perform basic life saving procedures on pretrial detainees or to facilitate access to immediate emergency medical treatment.

41. The policy, custom or regulation of Defendant SHEAHAN did not require Deputy Cook County Sheriff's to make competent medical treatment immediately accessible for pre-trial detainees in need of emergency medical care. Instead, pre-trial detainees must wait for long periods of time for access to medical treatment even when they are in need of immediate care. The policy, procedure, custom or regulation fails to include a system for identifying or diagnosing pre-trial detainees who need immediate care. This is true even where a pre-trial detainee repeatedly complains of chest pains, pain in the arms, shortness of breath, while visibly having difficulty standing up, wheezing and groaning.

42. In the alternative, despite the policy, custom or regulations of Defendant SHEAHAN to make medical treatment immediately accessible to pre-trail detainees in need of emergency treatment the acts of Defendants TIMS, NURSE JACK, NURSE FRASER and NURSE BROWN ROE 1 and ROE 2, as well as other unknown Deputy Cook County Sheriffs and unknown Medical Staff employees failed to respond to Plaintiff's Deceased's constant medical complaints and needs over a period of three days, as described above. These acts were done maliciously, wilfully and wantonly, intentionally, and/or with reckless disregard and gross negligence or gross recklessness

and/or deliberate indifference towards the plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Section 1983.

43. MICHAEL KRUSE repeatedly told Defendant TIMS, and other unknown Deputy Sheriffs as well as NURSE JACK, NURSE FRASER AND NURSE BROWN that he was experiencing chest pains, shortness of breath and pain in his arms. Moreover, MICHAEL KRUSE displayed physical manifestations of his illness in that he could not stand up straight and was groaning in pain. However, no matter how often he pleaded for help he was told to be quiet or that there was nothing wrong with him. At no time was MICHAEL KRUSE ever sent for an examination or given any type of treatment. Instead, Defendant TIMS and other unknown deputy Cook County Sheriffs as well as NURSE JACK, NURSE FRASER AND NURSE BROWN told him there was nothing wrong with him.

WHEREFORE, plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages against defendants TIMS, NURSE JACK, NURSE FRASER, NURSE BROWN, RICHARD ROE 1 and ROE 2 and other unknown Deputy Cook County Sheriffs.

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

**COUNT II**
**PENDANT STATE CLAIMS**
**Willful and Wanton - Wrongful Death**
**(MICHAEL F. SHEAHAN, DEPUTY TIMS, ROES 1 - 2,**
**JACQUELINE JACK, ROSETTA FRASER, and BESSIE BROWN)**

Now comes the Plaintiff's Decedent MICHAEL KRUSE, by his Attorneys, Jonathan Lustig, Jerry Bischoff, and Michael Rediger and complaining of Defendants, MICHAEL SHEAHAN,

Deputy Sheriff VERNELL TIMS, JACQUELINE JACK, ROSETTA FRASER, and BESSIE BROWN, RICHARD ROE 1 and ROE 2 and other unknown Deputy Cook County Sheriffs and unknown Cook County Medical Personnel, states:

1 - 44. Plaintiff re-alleges Paragraphs 1 through 44 as and for Paragraphs 1 through 44 of Count II, as though fully set out herein.

45. That at all times relevant hereto, there existed an Illinois statute, 55 ILCS 5/3-6016, which states that a sheriff shall be vicariously liable for the negligent acts of his deputies.

46. The Defendants had a duty to ensure that persons in their custody who are in need of immediate medical treatment receive prompt medical care and to be free from willful and wanton conduct.

47. At the aforesaid time and place, Defendants, MICHAEL SHEAHAN, Deputy Sheriff VERNELL TIMS, JACQUELINE JACK, ROSETTA FRASER, and BESSIE BROWN, RICHARD ROE 1 AND ROE 2, and other unknown Deputy Cook County Sheriffs were willful and wanton and breached their duty in one or more of the following respects:

    (a) with an utter indifference and conscious disregard for safety, knowingly failed to provide medical treatment to MICHAEL KRUSE for three days despite his repeated complaints of illness;

    (b) with an utter indifference and conscious disregard for safety, knowingly failed to provide medical treatment in violation of 725 ILCS 5/103-2 where MICHAEL KRUSE repeatedly complained of illness;

    (c) with an utter indifference and conscious disregard for safety, knowingly failed to provide access to competent medical personnel;

    (d) with an utter indifference and conscious disregard for safety, knowingly failed to implement procedures whereby pre-trial detainees in their custody in need of immediate medical care can be promptly given immediate access to medical treatment;

    (e) with an utter indifference and conscious disregard for safety, knowingly

failed to transport MICHAEL KRUSE to a hospital or medical facility despite his repeated complaints of chest pain, shortness or breath and pains in his arms;

(f) with an utter indifference and conscious disregard for safety, knowingly failed to initiate life saving techniques after MICHAEL KRUSE had lost consciousness;

(g) with an utter indifference and conscious disregard for safety, knowingly failed to provide adequate training for deputy sheriffs, guards and/or medical staff in identifying, obtaining and responding to medical complaints and needs of detainees;

(h) with an utter indifference and conscious disregard for safety, knowingly Failed to follow Cook County Sheriff Department policies regarding providing timely medical care and treatment to pre-trial detainees;

(i) with an utter indifference and conscious disregard for safety, knowingly employed a course of action by which employees ignored the medical needs of pre-trial detainees including plaintiff's decedent despite knowledge of specific medical conditions and needs; and

(j) with an utter indifference and conscious disregard for safety, knowingly failed to obtain timely medical help for MICHAEL KRUSE.

48. As a proximate result of one or more of the aforesaid acts or omissions, Plaintiff's decedent, MICHAEL KRUSE, suffered injuries which caused death on May 26, 2004.

49. Plaintiffs, PORSHA CAYENNE KRUSE, decedent's daughter, and MICHAEL JOSEPH KRUSE, decedent's son, have suffered pecuniary loss, damages and loss of consortium as a result of his death.

50. As a proximate result of one or more of the aforesaid willful and wanton acts or omissions, Plaintiffs, PORSHA CAYENNE KRUSE, and MICHAEL JOSEPH KRUSE, became obligated for various sums of money for the medical and funeral care and costs of decedent pursuant to the Family Expense Act, Chapter 68, Section 15 of the Illinois Revised Statutes.

WHEREFORE, Plaintiffs, PORSHA CAYENNE KRUSE, and MICHAEL JOSEPH KRUSE,

ask judgment against defendants, MICHAEL SHEAHAN, Sheriff TIMS and Nurse JACK, RICHARD ROE 1 and 2, and each of them, for damages in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

### COUNT III
### Survival Action
### (MICHAEL F. SHEAHAN, DEPUTY TIMS, ROES 1 - 2, JACQUELINE JACK, ROSETTA FRASER, and BESSIE BROWN)

Now comes, Plaintiff, Kathy Kruse, Independent Administrator of the Estate of Michael Kruse, Deceased, by Attorneys Jonathan Lustig, Jerry Bischoff, and Michael Rediger complaining of defendants, MICHAEL SHEAHAN, Deputy Sheriff VERNELL TIMS, JACQUELINE JACK, ROSETTA FRASER, and BESSIE BROWN, and ROE 1 and 2:

51.     Plaintiff re-alleges Paragraphs 1 through 52 as and for Paragraphs 1- 52 of Count III, as though fully set out herein.

52.     The Defendants had a duty to ensure that persons in their custody who are in need of medical treatment receive prompt medical care and to be free from willful and wanton conduct.

53.     That at all times relevant hereto, there existed an Illinois statute, 55 ILCS 5/3-6016, which states that a Sheriff shall be vicariously liable for the negligent acts of his deputies.

54.     At the aforesaid time and place, defendants, MICHAEL SHEAHAN, Deputy Sheriff VERNELL TIMS, JACQUELINE JACK, ROSETTA FRASER, and BESSIE BROWN, ROE 1 and ROE 2, and other unknown Deputy Cook County Sheriffs were willful and wanton in one or more of the following respects:

   (a)     with an utter indifference and conscious disregard for safety, knowingly failed to provide medical treatment to MICHAEL KRUSE for three days despite his repeated complaints of illness;

   (b)     with an utter indifference and conscious disregard for safety, knowingly failed to provide medical treatment in violation of 725 ILCS 5/103-2 where MICHAEL

KRUSE repeatedly complained of illness;

(c) with an utter indifference and conscious disregard for safety, knowingly failed to provide access to competent medical personnel;

(d) with an utter indifference and conscious disregard for safety, knowingly failed to implement procedures whereby pre-trial detainees in their custody in need of immediate medical care can be promptly given immediate access to medical treatment;

(e) with an utter indifference and conscious disregard for safety, knowingly failed to transport MICHAEL KRUSE to a hospital or medical facility despite his repeated complaints of chest pain, shortness or breath and pains in his arms;

(f) with an utter indifference and conscious disregard for safety, knowingly failed to initiate life saving techniques after MICHAEL KRUSE had lost consciousness;

(g) with an utter indifference and conscious disregard for safety, knowingly failed to provide adequate training for deputy sheriffs, guards and/or medical staff in identifying, obtaining and responding to medical complaints and needs of detainees;

(h) with an utter indifference and conscious disregard for safety, knowingly Failed to follow Cook County Sheriff Department policies regarding providing timely medical care and treatment to pre-trial detainees;

(i) with an utter indifference and conscious disregard for safety, knowingly employed a course of action by which employees ignored the medical needs of pre-trial detainees including plaintiff's decedent despite knowledge of specific medical conditions and needs; and

(j) with an utter indifference and conscious disregard for safety, knowingly failed to obtain timely medical help for MICHAEL KRUSE.

55. As a proximate result of one or more of the foregoing willful and wanton acts or omissions of the defendants, MICHAEL SHEAHAN, Deputy Sheriff VERNELL TIMS, JACQUELINE JACK, ROSETTA FRASER, and BESSIE BROWN, ROE 1 and ROE 2, and other unknown Deputy Cook County Sheriffs, plaintiff's decedent, MICHAEL KRUSE, suffered personal and pecuniary damages, including conscious pain and suffering prior to his death on May 26, 2004,

and had he survived, he would have been entitled to bring a cause of action for such personal and pecuniary damages and such action has survived her.

WHEREFORE, Plaintiff; Kathy Kruse, Independent Administrator of the Estate of MICHAEL KRUSE, deceased, asks judgment against defendants, MICHAEL SHEAHAN, Deputy Sheriff VERNELL TIMS, JACQUELINE JACK, ROSETTA FRASER, and BESSIE BROWN, ROE 1 and ROE 2, and other unknown Deputy Cook County Sheriffs, and each of them, for damages in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT IV
### Deprivation of Civil Rights under Color of State Law
### IN VIOLATION OF 42 U.S.C. § 1983
### (CITY OF PALOS HILLS, DETECTIVE MCMAHON)

1-56. Paragraphs 1-56 of the Allegations Common to all Counts are realleged and incorporated as Paragraphs 1-56 of this Count IV of the Third Amended Complaint.

. The Plaintiff, MICHAEL KRUSE, was never positively identified in a lineup by any witness as the person who committed an armed robbery in August of 2002. There is no circumstantial or physical evidence that connects MICHAEL KRUSE to the crime for which he was charged other than a tentative identification from a photo array. In fact, MICHAEL KRUSE was working in Tennessee when the armed robberies were committed which was known to Palos Hills police officers within three days of MICHAEL KRUSE's arrest.

57. Once Plaintiff, MICHAEL KRUSE, was received at the Palos Hills Police Station on or about May 15, 2002, Defendants assumed that the Plaintiff was the person who had committed armed robberies in August of 2002 at Hill Crest Video. Although, Palos Hills Police Officers, specifically, Defendant MCMAHON, did obtain a tentative identification from a store employee there

was never any attempt to conduct an in-person or physical lineup after plaintiff's arrest.

58. In addition, in spite of the fact that the store employee never told Defendant MCMAHON that he was positive that the photograph of MICHAEL KRUSE depicted the person who had committed the armed robberies, Defendant MCMAHON obtained arrest warrants for MICHAEL KRUSE after representing to a Cook County Judge that he had a positive identification of MICHAEL KRUSE. No Palos Hills Police Officer, in particular, Defendant MCMAHON, showed the Hill Crest Video employee a subsequent photo array until several days after MICHAEL KRUSE had died. On June 1, 2004, the store employee told MCMAHON that he could not identify MICHAEL KRUSE as the person who committed the armed robberies at Hill Crest Video.

59. No employee, agent or servant of the City of Palos Hills verified the tentative photo array identification of MICHAEL KRUSE because of a policy, custom or regulation of Defendant City of Palos Hills which merely required that a perfunctory investigation be performed to make sure that the individual brought before a judge was the correct individual wanted on an arrest warrant. There was no policy, custom or regulation of Defendant City of Palos Hills which required that a physical lineup or a subsequent photo array be conducted after a tentative identification to ensure that the correct person was arrested. In addition, the policy custom, or regulation of the City of Palos Hills permits police officers to seek arrest warrants based on tentative identifications made by a single witness where there is no other corroborating evidence.

60. It is this policy, custom or regulation that caused Defendant MCMAHON to violate plaintiff's Fourth and Fourteenth Amendment rights.

61. In the alternative, despite the policy, custom or regulation of defendant City of Palos Hills, to verify the identification, conduct physical lineups and promptly verify alibi's Defendant MCMAHON was grossly negligent and/or reckless and willful and wanton in his failure to do so

16

when he caused the Plaintiff to be taken into custody and in his continual failure to release Plaintiff until he was released to the Cook County Sheriffs on May 17, 2004.

62. Defendant MCMAHON and other unknown Palos Hills police officers were also grossly negligent and/or reckless and willful and wanton when he caused an arrest warrant to be issued by falsely representing to a Cook County Judge that MICHAEL KRUSE had been positively identified as the perpetrator of the armed robberies by a store employee. This despite the fact that the only evidence linking MICHAEL KRUSE to the armed robberies was a single tentative identification from a photo array. Moreover, MICHAEL KRUSE provided a verifiable alibi and denied being in the state of Illinois at the times of the crimes. In addition, MCMAHON was aware that MICHAEL KRUSE did not have a prominent facial scar described by the sole witness to the armed robberies.

63. Defendant MCMAHON received information on May 20, 2004 that MICHAEL KRUSE was indeed in Tennessee at the time of the crimes but he did nothing with the information. Instead, he allowed MICHAEL KRUSE to remain incarcerated without bringing said information to the attention of a judge or of MICHAEL KRUSE's lawyer. The failure of Defendant MCMAHON to promptly conduct an investigation to verify MICHAEL KRUSE's identification and alibi constituted deliberate indifference to the constitutional rights of plaintiff MICHAEL KRUSE.

64. As a result of being falsely and wrongly in the full custody of defendant CITY OF PALOS HILLS from May 15, 2004 until May 17, 2004, the Plaintiff suffered great pain and mental anguish.

65. As a result of being wrongly and falsely in the full custody of defendant CITY OF PALOS HILLS the Plaintiff was prevented from attending to his usual duties and affairs; and he thereby lost large sums of money by way of earnings which otherwise would have accrued to him.

66. The acts of the Defendants, as described above, were done maliciously, willfully and

wantonly, intentionally, and/or with reckless disregard and gross negligence or gross recklessness and/or deliberate indifference towards the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Section 1983. The acts of the defendants were also unreasonable under the Fourth Amendment and Fourteenth Amendment of the Constitution of the United States.

67. The policy, custom or regulation of defendant CITY OF PALOS HILLS to not require that the identification and alibi of an individual be checked to make sure that the individual taken into custody is the actual person wanted in an arrest warrant particularly where there is no evidence besides a tentative identification of a photo from a photo array and the continual policy not to perform this aforementioned checking violated the plaintiff's rights under the Fourth Amendment of the Constitution of the United states to due process of law; and 42 U.S.C. 1983. The failure to institute a proper policy which would have required the aforementioned checking caused the plaintiff to remain wrongfully in the full custody of Defendant CITY OF PALOS HILLS.

WHEREFORE, the Plaintiffs request the following relief:

a. Compensatory damages.

b. Punitive damages against Defendant MCMAHON ;

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

68. In the alternative, the failure of Defendant MCMAHON to follow the policy, custom or regulation of Defendant CITY OF PALOS HILLS to promptly verify alibis, conduct physical lineups or photo arrays of persons arrested based on a tentative identification of a witness violated the plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from the unreasonable seizure of his person and violated the Plaintiff's rights under the Fourteenth Amendment

of the United States constitution to due process of law; and 42 U.S.C. 1983. The failure of Defendant MCMAHON to perform the aforementioned duties caused the Plaintiff to remain in custody of Defendant CITY OF PALOS HILLS from May 15, 2004 until May 17, 2004 at approximately 8:00 a.m.. The failure of Defendants MCMAHON to perform the aforementioned investigation constituted deliberate indifference to the constitutional rights of the Plaintiff.

WHEREFORE, plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages against Defendant MCMAHON;

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

69. The continual holding in full custody of the Plaintiff from May 15, 2004 at until May 17, 2004 by Defendant CITY OF PALOS HILLS was done without probable cause or other lawful justification and violated the plaintiff's rights under the Fourth Amendment of the Constitution of the United States to be free from illegal seizure and detention of his person and violated the Plaintiff's rights under the Fourteenth Amendment of the Constitution of the United States to due process of law; and 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiffs request the following relief:

a. Compensatory damages;

b. Punitive damages against defendant MCMAHON ;

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

70. The actions of defendants MCMAHON in not making sure that the Plaintiff was the individual, in fact wanted on the arrest warrant and subsequent failure to correct the arrest warrant

which led to plaintiff's arrest and incarceration by conducting subsequent lineups and verifying plaintiff's alibi, violated the plaintiff's rights under the common law of the State of Illinois to be free from the tort of false arrest and imprisonment.

71. That when Defendant MCMAHON committed the aforementioned tort of false arrest and imprisonment against the Plaintiff, he was acting in the scope of his employment and that therefore defendant the CITY OF PALOS HILLS are fully liable for their agents' actions.

WHEREFORE, plaintiff requests the following relief;

a. Compensatory damages;

b. Punitive damages against defendant MCMAHON;

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

Respectfully submitted,

s:/ Jerry Bischoff

_____
Jerry Bischoff, One of the Attorneys for Plaintiff

Jerry Bischoff
Attorney at Law
35 E. Wacker Drive, Suite 650
Chicago, Illinois 60601
(312) 853-2167

Michael Rediger
Law Office of Michael Rediger, P.C.
217 N. Jefferson, Suite 602
Chicago, Il 60661
(312) 644-0939

Jonathan Lustig
Attorney at Law
2146 B Archer Ave
Chicago, Illinois 60616
(312) 225-7888