IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHY KRUSE, as Independent Administrator )
of the Estate of MICHAEL KRUSE, deceased; )
PORSHA CAYENNE KRUSE, a minor, by her )
guardian and next friend, ROSALIE SKEEL; )
MICHAEL JOSEPH KRUSE, a minor, by his )
guardian and next friend, ROSALIE SKEEL, )
)
        Plaintiffs, )
)
v. )  No.: 04 C 6130
)
COUNTY OF COOK, a Municipal Corporation, )
MICHAEL F. SHEAHAN, in his official )
capacity as the Sheriff of Cook County Illinois, )  JUDGE PALLMEYER
Deputy Cook County Sheriff VERNELL TIMS, )
RICHARD ROE 1 and 2 and other unknown )
Deputy Sheriff Employees of Michael Sheahan, )
Sheriff of Cook County, Illinois, in their )
Official and individual capacities, and )
JACQUELINE JACK, ROSETTA FRASER, )
BESSIE BROWN all clinical nurses employed )
at Cermak Hospital in their individual and )
official capacity, CITY OF PALOS HILLS, a )
Municipal Corporation, Detective McMAHON, )
in his official and individual capacity as a police )
officer for the City of Palos Hills, )
)
        Defendants. )

**MOTION OF DEFENDANT JOHN McMAHON
TO SEVER FOR TRIAL**

    NOW COMES the Defendant, JOHN McMAHON, by and through one of his attorneys,

WILLIAM W. KURNIK, and, pursuant to Rule 42(b) and Rule 20(b) of the Federal Rules of

Civil Procedure, requests the entry of an order providing for a separate trial on the claim of the

Plaintiffs against JOHN McMAHON.  In support, the undersigned submits the following:

1.       The Court informed the parties at the time of the presentation of a motion involving the Plaintiffs and Cook County Defendants that the motion for summary judgment filed by Defendant JOHN McMAHON was being denied and that the "policy claim" against the Village of Palos Hills was being granted.  (As of the filing of this motion, the Defendants have not received the Court's ruling).

2.       The claim against McMAHON is a false arrest claim in which the Plaintiffs maintain that the Fourth Amendment and Fourteenth Amendment rights of the deceased were violated in connection with his arrest and investigation of his claim of innocence.  As such, damages are limited to actions arising out of his detention and should be limited to the period of detention up to when he first appeared in court.  *Gauger v. Hendle*, 349 F.3d 354, 362-63 (7th Cir. 2003).  Damages for the death of the deceased are not being sought.

3.       The remaining claims in this case against the Cook County Defendants are claims involving failure to provide medical care, claiming that the failure of the Cook County Defendants to provide necessary medical care caused the death of the Plaintiff's Deceased, and seek damages arising out of his death.

4.       The claims against McMAHON and the Cook County Defendants are separate claims that involve completely different occurrences, entirely different evidence, different damages, and are separated temporally as well.

5.       Rule 20(b) and Rule 42(b) "provide a safety valve to avoid the unfair prejudice that might result from a joint trial of claims that only barely satisfy Rule 20(a)."  *Santiago v. Furniture Chauffeurs*, 2001 WL 11058 p. 9 (N.D. Ill. 2001) (J. Kennelly).

6.     In determining whether separate trials should be held, "a court weighs any prejudice to a party that would result from a joint trial against any prejudice to other parties and the judicial system that would result from holding separate trials." (*Id.*).

7.     It is appropriate to sever the trials where there would not be a "substantial duplication" of evidence in both where the evidence in one case would not be admissible in another case, particularly where the admission of the evidence would be highly prejudicial. (*Id.*).

8.     Allowing the jury to hear that the Plaintiff's Decedent was essentially "placed in harm's way" as a result of his arrest by McMAHON would be highly prejudicial, and although the Court may give appropriate limiting instructions, as Judge Kennelly commented: "Though courts are generally willing to trust jurors to follow instructions requiring them to give separate consideration to parties and claims, we tend to rely on this trust only when there is some justification for a joint trial." (*Id.*). The duplicative time expended simply in picking two different juries is not a sufficient justification to try two claims at the same trial, which are truly distinct. (*Id.*)

9.     In situations which, admittedly, are factually dissimilar, other judges in this district have found separate trials to be warranted where there was no overlap of evidence. *Bailey v. Northern Trust Co.*, 196 FRD 513 (N.D. Ill. 2000) (J. Alesia); *Maclin v. Northern Telecom, Inc.*, 1996 WL 495558 (N.D. Ill. 1996) (J. Williams).

10.     The claim against McMAHON is truly separate from the claims against the Cook County Defendants and to try his claim with claims against another law enforcement agency which involves deliberate indifference and the presentation of expert witnesses (no expert witnesses have been retained in connection with the claim against McMAHON), may even result in the jury failing to give serious consideration to McMAHON's defenses.

11.    The trial in this cause is currently scheduled to commence on January 29, 2007, and the undersigned recalls that the parties had advised the Court that the trial would take two weeks.

WHEREFORE, for the foregoing reasons, the undersigned respectfully requests that this Honorable Court sever the claim of the Plaintiffs against the Defendant, JOHN McMAHON, for purposes of trial.

<div style="margin-left:40%">

Respectfully submitted by,

s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney Bar #01550632
Attorney for Defendant JOHN McMAHON

</div>

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys of record herein, hereby certifies that on December 20, 2006, the foregoing **MOTION OF DEFENDANT JOHN McMAHON TO SEVER FOR TRIAL** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System which will send notification of such filing to the following: Jerry D. Bischoff at jbischoff@aol.com; Michael Edward Rediger at mrediger@redatlaw.com; Patrick Malone Blanchard at pblanch@cookcountygov.com; Francis J. Catania at fcatania@cookcountygov.com; John A. Ouska at jouska@cookcountygov.com; Craig Michael Sandberg at csandberg@cookcountygov.com; and Basileios John Foutris at bfoutris@foutrislaw.com.

<div style="margin-left:40%">

s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney Bar #01550632
Attorney for Defendant JOHN McMAHON

KNIGHT, HOPPE, KURNIK & KNIGHT, L.L.C.
2860 River Road – Suite 400
Des Plaines, Illinois 60018-6009
Telephone:    (847) 298-8000
Facsimile:    (847) 298-8014
E-mail:       BKurnik@khkklaw.com

</div>