IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHY KRUSE, as Independent Administrator )
of the Estate of MICHAEL KRUSE, deceased; )
PORSHA CAYENNE KRUSE, a minor, )
by her guardian and next friend, ROSALIE SKEEL, )
MICHAEL JOSEPH KRUSE, a minor, )
by his guardian and next friend, ROSALIE SKEEL, )
          Plaintiff, )
)
     vs. )   No. 04 C 6130
)
VILLAGE OF PALOS HILLS, a municipal )
corporation, PAUL MADIGAN, in his )
official capacity as Chief of Police of the Village )
of Palos Hills, Detective JOHN McMAHON, in his )
official and individual capacity as a police officer )
for the Village of Palos Hills, et. al., )
)
          Defendants. )

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTIONS TO SEVER FOR TRIAL**

     Now Come the Plaintiffs, the ESTATE OF MICHAEL KRUSE, et. al., by their attorneys, JERRY BISCHOFF, and MICHAEL REDIGER and move this Honorable Court to Deny Defendants Motions to Sever for Trial. In support hereof, the Plaintiffs state as follows:

**INTRODUCTION**

     The Defendants, John McMahon and the Cook County Defendants, have filed Motions to Sever for Trial asserting that the claims against John McMahon and the Cook County Defendants are separate claims that involve completely different occurrences, entirely different evidence, different damages, and are separated temporally as well. (Defendant McMahon's Motion page 2) Additionally, the Defendants contend that the prejudice to the Defendants that would result from a joint trial outweighs any prejudice to

1

the Plaintiffs that would result from holding separate trials. (Defendant McMahon's Motion page 3) Despite the Defendant's assertions to the contrary, the prejudice to the Plaintiffs and the burden and inconvenience to the judicial system that would result from holding two separate trials is much greater then any prejudice the Defendants might incur during a joint trial. As such, the Defendants' Motions to Sever for Trial must be denied.

## STANDARD OF REVIEW

The question of whether a separate trial is appropriate for a particular defendant must be answered via a case-by-case analysis of whether severance would avoid delay and encourage judicial economy. *Oasis Indus. v. G.K.L. Corp.*, 1993 U.S. Dist. LEXIS 3992 (D. Ill. 1993) (Citing *Lowe v. Philadelphia Newspapers, Inc.,* 594 F. Supp. 123, 125 (E.D.Pa. 1984)). Severance should only be granted where the Court concludes that separate trials promote convenience or avoids prejudice. Id. The party seeking severance for trial bears the burden of showing that severance is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience to all parties. *Lowe*, 594 F. Supp. at 125.

Rule 42(b) sets forth the criteria in which the District Court has discretion in determining whether to sever claims, which include: (1) convenience; (2) avoiding prejudice; or (3) promoting judicial economy. *Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374, 375 (N.D. Ill. 1991). While it may be appropriate to hold separate trials in certain cases, severance is not the usual course followed and should not be ordered routinely. *Keyes Fibre*, 763 F. Supp. at 375. In considering whether to grant a Rule 42(b) motion, the Court must be mindful of the factfinder's role, which is making an

ultimate determination on the basis of a case presented in its entirety. *THK Am., Inc. v. NSK Co. Ltd.*, 151 F.R.D. 625, 631-32 (N.D. Ill. 1993).

## ARGUMENT

The Defendants' Motion to Sever must fail due to the fact the prejudice to the Plaintiffs and the burden and inconvenience to the judicial system that would result from holding two separate trials is much greater then any prejudice the Defendants might incur during a joint trial. Furthermore, the Defendants have failed to meet their burden of showing that severance is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience to all parties.

### CONVENIENCE, JUDICIAL ECONOMY, AND AVOIDANCE OF PREJUDICE WEIGH AGAINST THE GRANTING OF THE DEFENDANTS MOTIONS

In their Motions to Sever for Trial the Defendants attempt to distinguish the claims in the Plaintiffs' case against Defendant McMahon from those against the Cook County Defendants. Defendant McMahon cites *Gauger v. Hendle*, contending that because the Plaintiffs maintain that the Plaintiffs' Deceased (Mr. Kruse's) Fourth Amendment and Fourteenth Amendment rights were violated in connection with his arrest and investigation of his claim of innocence, damages are limited to actions arising out of Mr. Kruse's detention and should be limited to the period of detention up to when he first appeared in court. (Defendant McMahon's Motion page 2) The Defendant then notes that the remaining claims against the Cook County Defendants involve different charges and pray for different damages. This conclusory argument finishes with the

contention that the claims against the Defendant McMahon and the Cook County Defendants are "separate claims that involve completely different occurrences, entirely different evidence, different damages, and are separated temporally as well." (Defendant McMahon's Motion page 2)

    Simply put, nothing could be further from the truth. As is set forth in Plaintiffs Fifth Amended Complaint, the claims against all Defendants involve the same set of occurrences, the same evidence, and are not separated temporally. The Defendants attempt to distinguish the claims against Defendant McMahon from the claims against the Cook County Defendants ignores the events that took place after May 17, 2004, the date of Mr. Kruse's first court appearance. On May 20, 2004, Defendant McMahon received information confirming the truth of Mr. Kruse's alibi. The Defendant then withheld this evidence of Mr. Kruse's innocence from both a judge with jurisdiction over Mr. Kruse's case and from Mr. Kruse's Public Defender. This occurred while Mr. Kruse was in custody in the Cook County Jail in the R.T.Unit. Div. 8 where he eventually died.

    As alleged in the Complaint, the Defendant's failure to properly investigate Mr. Kruse's claim of innocence caused Mr. Kruse to remain in custody after May 20, 2004. As such, the Defendant's actions, in failing to conduct a proper investigation of Mr. Kruse's innocence, are certainly temporally related to those of the Cook County Defendants. As such, the Plaintiffs are entitled to bring all these facts to light through <u>one</u> trial so as to present the full story of the facts and circumstances that surround Michael Kruse's death to the Jury. To do otherwise, would greatly hinder the Plaintiffs ability to present a full and complete case to the Jury.

Fed. R. Civ. P. 20(a) permits joinder of all "defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The claims against Defendant McMahon and the Cook County Defendants share similar violations of constitutional rights, share similar damages, and are temporally related. Therefore, the requirements of Fed. R. Civ. P. 20(a) are met. Moreover, the Defendant has not met his burden of showing that severance is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience to all parties.

The Defendant McMahon's Motion to Sever for Trial relies heavily on the case of *Santiago v. Furniture Chauffeurs,* 2001 WL 11058 (N.D. Ill. 2001) (J. Kennelly) in order to support the contention that the Defendant will be unfairly prejudiced by a joint trial. (Defendant's Motion pages 2-3) Specifically, the Defendant applies the facts of the instant case to the rules set out in *Santiago* in a misguided attempt to argue that because misjoinder was found in *Santiago*, it should be found in the instant case as well. (Defendant's Motion page 3-4) The analysis of the joinder issue in *Santiago* focuses on the purpose of rules 20(b) and 42(b) to "provide a safety valve to avoid unfair prejudice that might result from a joint trial of claims that only barely satisfy Rule 20(a)." Id at 9.

There is no need to utilize the safety valve function of rules 20(b) and 42(b) in this case because the joinder requirements of Rule 20(a) are properly met, as discussed above. Furthermore, besides the bald assertion that the Defendants will be unfairly prejudiced by a joint trial, the Defendants have offered nothing to overcome their burden

of showing that severance is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience to all parties.

Clearly, the claim against Defendant McMahon and the claims against the Cook County Defendants have many facts in common. Despite the Defendant's assertions to the contrary, holding separate trials will require the Plaintiffs' to prove many of the same material facts arising out of the same transactions or occurrences, twice. Specifically, the Plaintiffs' must establish the events that led up to Mr. Kruse's death. In doing so, the Plaintiffs' will detail a series of events and occurrences that begin with John McMahon's false arrest of Mr. Kruse, Mr. Kruse's incarceration at Cook County Jail and his eventual death in the R.T. Unit. Div. 8. Given this, it will be more convenient for the Court in this case to provide jury instructions regarding the separate claims rather than holding two separate trials. Finally, and most notably, it will be extremely painful for Plaintiffs, Michael Kruse and his sister Porsche Kruse, who are minors, to re-live the events leading up to their father's death twice. Clearly, holding a joint trial in the instant case is in the interests of convenience, judicial economy, and avoidance of prejudice, in their totality.

## **CONCLUSION**

As set forth above, the Defendants have not met their burden of showing that severance is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience to all parties. Notably, the interests of convenience, judicial economy, and avoidance of prejudice, in their totality, weigh in favor of holding a joint trial, and therefore the Defendants Motions to Sever for Trial must be denied.

WHEREFORE, the Plaintiffs, the ESTATE OF MICHAEL KRUSE, et. al., pray for an order denying the Defendant John McMahon's and the Cook County Defendants' Motions to Sever for Trial.

> Respectfully Submitted,
> Estate of Michael Kruse, et. al.
>
> s:/ Michae E. Rediger
> By:_____
>   One of Plaintiffs' Attorneys

MICHAEL E. REDIGER
THE LAW OFFICE OF MICHAEL E. REDIGER
100 N. LASALLE, SUITE 1910
CHICAGO, IL 60602
(312) 332-8282
Attorney No. 38943

JERRY D. BISCHOFF
ATTORNEY AT LAW
ONE EAST WACKER,
SUITE 2020
CHICAGO, IL 60601
(312) 853-2167